## BERTHA NEWTON, Respondent, v. WABASH. RAILROAD COMPANY, Appellant.

### Kansas City Court of Appeals, December 5, 1910.

1. **Railroads: Death at Crossing: Contributory Negligence.** Plaintiff sued for damages for the death of her husband at a public crossing. Deceased, in full possession of his senses, was crossing the railroad tracks in the nighttime, at the intersection of a street in Moberly, when struck by a switch engine, running backward from five to ten miles an hour, without tail lights and no warning or signal given. There was nothing to prevent him from seeing the engine had he looked in that direction before entering the sphere of danger. *Held*, that the negligence of deceased directly contributed to his death and barred a recovery notwithstanding the negligence of the defendant.

2. ———: ———: ———. A railroad track is a place of danger and of itself is a warning signal, and where a person steps upon a railroad track in front of an approaching train and so close to it as to render it impossible to stop the train in time to avoid the injury, he is guilty of such gross negligence as will preclude a recovery.

Appeal from Randolph Circuit Court.—*Hon. Wm. H. Martin,* Special Judge.

REVERSED.

*J. L. Minnis, Robertson & Robertson* for appellant.

(1) The court erred in permitting the petition, after it had been adjudged insufficient, to be read to the jury or any testimony to be introduced thereon, and erred in proceeding with the trial of the case. Sec. 592, R. S. 1899; Sec. 593, R. S. 1899; Henderson v. Dickey, 50 Mo. 161; Stevenson v. Judy, 49 Mo. 227; Childs v. Railroad, 117 Mo. 414; Harris v. Railroad, 51 Mo. App. 125; Zeideman v. Molasky, 118 Mo. App. 123. (2) The court erred in permitting rule 18 to

be introduced in evidence. Degonia v. Railroad, 224 Mo. 593. (3) The court erred in giving plaintiff's instruction. Elliott on Railroads (2 Ed.), secs. 1689f, 1689g; Kincaid v. Railroad, 62 Mo. App. 365. (4) The plaintiff was not entitled to recover and the court erred in refusing to instruct a verdict for the defendant at the close of all the evidence. Moore v. Railroad, 176 Mo. 528; Carrier v. Railroad, 175 Mo. 470; Guyer v. Railroad, 174 Mo. 344; Sharp v. Railroad, 161 Mo. 214; Kelsoy v. Railroad, 129 Mo. 362; Hayden v. Railroad, 124 Mo. 566; Harlan v. Railroad, 64 Mo. 480; Boyd v. Railroad, 105 Mo. 371.

*A. P. Terrill* and *Willard P. Cave* for respondent.

(1) The petition stated but one cause of action, and was sufficient in all respects. Senn v. Railroad, 135 Mo. 512; Gebhardt v. St. Louis Transit Co., 97 Mo. App. 373; Meyers v. St. Louis Transit Co., 99 Mo. App. 363. (2) The rule announced in Degonia v. Railroad, 224 Mo. 593 and 594, has no application to this case. Rohback v. Railroad, 43 Mo. 187; Bell v. Railroad, 72 Mo. 58; Evans v. Railroad, 62 Mo. 58; Burger v. Railroad, 112 Mo. 246; Cahill v. Railroad, 205 Mo. 408. (3) Plaintiff's instruction was substantially correct, and when read in connection with appellant's instructions, numbered 3, 4 and 5, fully covered every phase of the case. And if the instructions, taken as a whole, presented the issues fairly, and were not misleading and were not calculated to mislead the jury, it is all that was necessary. Muelhausen v. Railroad, 91 Mo. 332; Reilly v. Railroad, 94 Mo. 600; Minter v. Bradstreet Co., 174 Mo. 495; Hughes v. Railroad, 127 Mo. 447. (4) There were closely contested issues of fact, both on the question of the negligence of defendant's agents and servants operating the engine, and the question of contributory negligence of the deceased, and the trial court properly submitted the issues to

the jury. Drain v. Railroad, 86 Mo. 574; Jackson v. Railroad, 29 Mo. App. 495; Bortley v. Trorlicht, 49 Mo. App. 214; Church v. Railroad, 119 Mo. 203; Choquette v. Railroad, 80 Mo. App. 515; Weller v. Railroad, 164 Mo. 180; Eberly v. Railroad, 96 Mo. App. 361; Lamb v. Railroad, 147 Mo. 171; Gratiot v. Railroad, 116 Mo. 450. The question of contributory negligence is most generally one for the jury under all the evidence. Weber v. Railroad, 100 Mo. 194; Fulks v. Railroad, 111 Mo. 340; Corcoran v. Railroad, 105 Mo. 406; Reed v. Railroad, 107 Mo. App. 246; Doyle v. Trust Co., 140 Mo. 1.

JOHNSON, J.—Plaintiff, the widow of D. W. Newton, deceased, brought this action under section 2864, Revised Statutes 1899, as amended, Laws 1905, p. 136, section (5425, Revised Statutes 1909), to recover damages for the death of her husband which she alleges was caused by the negligence of defendant. She prevailed in the trial court where she recovered judgment for five thousand dollars, and the cause is before us on the appeal of defendant.

Mr. Newton was killed about 8:30 p. m., April 29, 1906, at the crossing of Coates street, a public thoroughfare in Moberly, and tracks in defendant's railroad yard. Coates street was paved and was one of the principal thoroughfares between the east and west portions of the city. It crossed eight tracks running north and south and Newton was killed on the fourth track from the east. He was going west and stepped in front of a switch engine backing north at speed estimated by the witnesses at from five to ten miles per hour. He was struck by the tender and received injuries from which he died an hour later. Plaintiff does not base her cause of action on any breach of defendant's duty under the "humanitarian doctrine" but alleges the death of her husband was caused by the negligence of defendant in running the engine over the crossing backward with no headlight at the end of

the tender, without ringing the bell and without giving any signal or warning of its approach. The answer is a general denial and a plea of contributory negligence.

The evidence of plaintiff tends to prove the following facts: Newton was fifty years old and in full possession of his senses of sight and hearing. As he neared the crossing there was nothing to prevent his seeing the approaching switch engine except darkness and the fact that the engine carried no lights on the rear end. It was equipped with headlights at both ends, but, for some cause, only the one in front was burning. The bell was not rung nor was any warning given. The engine made the rattling noise usually emitted by switch engines while running, but this crossing was in a busy part of the city and in a busy part of defendant's yards and there were other noises to distract attention. Evidently Newton neither saw nor heard the engine until it was upon him and he could not escape. The facts that the rear headlight was not burning and that the bell was not ringing are disputed by defendant's witnesses, but for the purposes of the demurrer to the evidence, we accept them as proved since we find them supported by substantial evidence. They convict defendant of negligence which clearly appears as a proximate cause of the death of the unfortunate man. To back an engine over a busy street crossing on a dark night without carrying tail lights, ringing the bell or giving any kind of warning, was gross negligence and we would say that plaintiff had a cause of action but for the fact of contributory negligence.

The rules of law relating to the issue of contributory negligence are well settled and easily understood, but the proper application of those rules to the particular facts of a given case often is found to be a difficult question. Where, as here, the evidence discloses negligence of the defendant as a proximate

cause of the injury, we begin with the presumption that the injured person was in the exercise of reasonable care. That presumption is a judicial recognition of the instinct of self-preservation which prompts every individual to use his senses for his own protection. The presumption casts the burden on the defendant in negligence cases of pleading and proving contributory negligence and the only inquiry raised by a demurrer to the plaintiff's evidence on that issue is whether or not that evidence considered in the light most favorable to the plaintiff overthrows the presumption of reasonable care on the part of the injured person and leaves no room for any other reasonable conclusion than that of negligence on his part which directly contributed to the injury. In such case it becomes the duty of the court to declare that the existence of contributory negligence is established as a matter of law and that the plaintiff cannot recover since the presence of such negligence, no matter how slight, as a link in the chain of direct causal events will defeat a recovery though the negligence of the defendant be never so great. The doctrine of comparative negligence never has been recognized in this state. The presumption that a person acted with reasonable care in the given situation is not very strong, is easily overcome by evidence to the contrary, and may be said merely to furnish a starting point from which to view the evidence. The rule is well stated in Rodan v. Transit Co., 207 Mo. l. c. 410, "that *in the absence of direct evidence or rebutting circumstances,* one, in attempting to cross a railroad track will be presumed to have been in the exercise of proper care." The converse of this rule is that where there is direct evidence or rebutting circumstances in evidence, the presumption fades into insignificance and the issue should be solved in the light of the evidence.

A railroad track is a place of danger and of itself is a warning signal. "It has always been the law

in this state that it is such gross negligence as precludes a recovery for a person to step on a railroad track directly in front of an approaching train and so close to it as to render it impossible to stop the train in time to avoid injury.'' [Moore v. Railway, 176 Mo. l. c. 544.]

To be in the exercise of reasonable care, a person in crossing a railroad track must look and listen before entering the sphere of danger if by so doing he can see and hear the coming train. It is true he has the right to presume the railroad company will observe reasonable care in the operation of the train, but he has no right to rely exclusively on that presumption, since no man of ordinary prudence will trust his own safety entirely to the care of another when he can, protect himself by the proper use of his own senses.

Guided by these rules, we find the evidence of plaintiff, after making all due inferences and allowances in favor of the man who lost his life, still accuses him of negligence in law. His sight and hearing were unimpaired and there was nothing to prevent his seeing the engine had he looked in that direction before entering the sphere of danger. There is no evidence that it was too dark for him to see the engine. It is true there is evidence to the effect that the arc light at that crossing was out that night, but the one a block west was burning and there were lights shining from the depot two hundred yards away in the background and from nearer buildings.

The most that can be said of plaintiff's evidence is that the place was in partial but not complete darkness. There was a number of eye-witnesses introduced by both plaintiff and defendant and all of them could and did see the engine. Two boys, witnesses for plaintiff, who were walking fifteen or twenty feet behind Mr. Newton, saw him struck by the engine and afterward saw him crawl out to the side of the track. A son-in-law of Mr. Newton, who hastened to the

scene immediately after the accident, would not state on direct examination that the arc light at the crossing was not burning. On cross-examination, he said: "It seemed dark to me. I could not recognize any around there." But there is a material difference between the degree of darkness that would prevent one from recognizing persons in a crowd and that which would prevent one from seeing a large, bulky, moving object. When Mr. Newton left a place of safety and crossed the danger line, the engine could not have been more than ten or, at the outside, fifteen feet away, and the plain fact is he could have seen it had he looked and, we think, though this fact is not so indisputable, he could have heard it. His duty to employ his senses was a continuing duty, and he had no right at any time to cast himself entirely on the care of defendant. Much as we feel that the evidence of plaintiff censures defendant for stealing over the crossing like a thief in the night, we are constrained to hold that Mr. Newton would not have lost his life had he exercised the care exacted of him by well-settled rules of law.

It follows that the judgment must be reversed. All concur.